UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ARTHUR VAUGHN HARRIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00309-JAW |
| | ) | |
| HONORABLE JUDGE ROBERT SEGAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is evidently a pretrial detainee at the Brevard County Jail, Cocoa, Florida, asserts that various individuals in state court criminal proceedings in Florida have violated and are violating his constitutional rights. (Complaint, ECF No. 1.) Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court transfer the matter to the United States District Court for the District of Middle Florida.

### DISCUSSION

Pursuant to 28 U.S.C. § 1391(b):

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Plaintiff has asserted no basis for venue in the District of Maine. To the contrary, he asserts all the parties are in Florida and all the events relevant to his claim occurred in Florida. In a letter to the Court, Plaintiff essentially acknowledges venue rests with a Florida court when he asserts that he filed the action in Maine, rather than Florida, to avoid the courts in his "division" in Florida. (Letter, ECF No. 2.) Because Plaintiff and the defendants are alleged to be in Brevard County, Florida, proper venue would be in the United States District Court for the District of Middle Florida, Orlando Division.

  Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Without commenting on the merits of the case, I discern no reason the matter should not be transferred to the Middle District of Florida.

## CONCLUSION

  Based on the foregoing analysis, after a preliminary review of Plaintiff's complaint, I recommend the Court transfer the matter to the United States District Court for the District of Middle Florida, Orlando Division

2

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of October, 2022.